SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| SUITE 950 | SUITE 3800 | 32ND FLOOR |
| 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE | 1301 AVENUE OF THE AMERICAS |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10019-6022 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

JOSEPH S. GRINSTEIN
DIRECT DIAL (713) 653-7824

E-MAIL JGRINSTEIN@SUSMANGODFREY.COM

June 22, 2016

**Filed via ECF**
Ms. Margaret Carter
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:   *WAL-MART PUERTO RICO, INC., v. JUAN C. ZARAGOZA-GOMEZ, in his official capacity as Secretary of the Treasury of the Commonwealth of Puerto Rico, Case Nos. 16-1370, 16-1406*

Dear Ms. Carter:

Pursuant to this Court's order at oral argument on June 6, 2016, Plaintiff-Appellee Wal-Mart PR respectfully submits this response to the letter filed on June 16, 2016, by Defendant-Appellant Secretary Juan C. Zaragoza-Gomez.

None of the Secretary's supplemental citations addresses a taxpayer's standing, under Article III of the U.S. Constitution, to seek an injunction against an unconstitutional tax.

Wal-Mart PR will file its tax return, for the tax year ending January 31, 2016, on or before August 15, 2016.

Plaintiff respectfully submits the following supplemental citations:

*Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536-37 (6th Cir. 2011) (taxpayers had Article III standing to seek injunction against Affordable Care Act's "shared responsibility payment," which would be assessed on their income tax returns, even though taxpayers would not file those returns for several years), *aff'd in relevant part sub nom. Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012) (not questioning taxpayers' Article III standing).

Ms. Margaret Carter
Re: *WAL-MART PUERTO RICO, INC., v. JUAN C. ZARAGOZA-GOMEZ*
June 22, 2016

> *New York v. United States*, 505 U.S. 144, 175 (1992) (state and local governments had standing to challenge federal law that would have required them to "take title" of radioactive waste, even though the "take title" law would not become effective for another six years).
>
> *J. D. Adams Mfg. Co. v. Storen*, 304 U.S. 307, 309 (1938) (striking down discriminatory gross-receipts tax, and not questioning standing, where taxpayer challenged tax immediately after it was enacted and sought declaratory and injunctive relief from future tax payments).
>
> *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 530 (1925) (private religious school had standing to challenge law requiring children to attend public schools, even though law would not go into effect for another three years).

Sincerely,

Joseph S. Grinstein